**Elaine Marie ROTH, Respondent,**

v.

**William Joseph ROTH, Appellant.**

**No. 53981.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 22, 1988.

Francis Toohey, Jr., Perryville, for appellant.

Herbert A. Kasten, Jr., Ste. Genevieve, for respondent.

CRIST, Judge.

Appellant (husband) appeals his dissolution decree on the issues of the designation and division of marital property and awards of maintenance and attorney's fees to respondent (wife). We affirm.

The marriage of husband and wife was dissolved after thirteen years of marriage. Wife was granted custody of the couple's two children and husband was granted visitation. Husband was ordered to pay child support in the amount of $40 per week per child. Husband does not question that award on appeal.

Husband first contends the trial court erred in designating the home of the parties as 100% marital property. He asserts he received a one-half interest in the house by a non-probate transfer wherein his mother placed his name and his brother's name on a deed to the property. At his mother's death the property passed to husband and his brother.

Husband and wife lived in the house all their married life and after the mother's death husband and wife purchased the brother's interest in the property. At that time, a deed was drawn up with husband and wife and brother and his wife as grantors and husband and wife as grantees. The entire property remained jointly titled

up to the time of their divorce. At the time of purchase, both husband and wife signed a deed of trust for $7,000, 70% of the property's value. Both parties testified extensive repairs were necessary over the years because the house was located in an area prone to flooding. These repairs were paid for out of marital funds.

Husband contends the property should have been designated as 50% marital property and 50% his separate property. Husband was awarded the house, which was valued at $10,000, subject to a judgment in favor of wife in the amount of $5,000.

If the court erred in designating the house as marital property, it was error invited by husband, whose own proposed judgment listed the house as marital property. "Invited error at trial cannot serve an appellant on appeal." *In re Marriage of Kinnick*, 621 S.W.2d 104, 106[3] (Mo. App.1981).

In any event, we are not persuaded any portion of the property remained husband's separate property at the time of dissolution. Both parties were listed on the deed to the property, and regardless of how husband's title originated, it is clear that a spouse may transform once separate property into marital property by agreement either express or implied. *Hylton v. Hylton*, 716 S.W.2d 850, 852 (Mo.App. 1986). "[P]roperty which was separate property but is held in joint names at the time of dissolution is marital property, unless it is shown that transfer to the parties jointly was not intended as a settlement upon or as a gift to the other party." *Daniels v. Daniels*, 675 S.W.2d 29, 33–34[10] (Mo.App.1984). No such showing was made in this case.

Husband next argues the trial court erred in failing to set out the value of three sewing machines and in failing to determine whether the sewing machines and some insurance proceeds were marital or separate property.

We first note that neither the sewing machines nor the insurance proceeds are separately listed or valued in husband's property statement or his proposed judg-ment. Furthermore, the court's treatment of the insurance proceeds and sewing machines was not in conflict with the suggestions in husband's proposed judgment. The rule mentioned above concerning invited error would also apply to this complaint.

Moreover, because husband did not request specific findings regarding these items of personal property, the court was not required to furnish the same. *See Featherston v. Featherston*, 710 S.W.2d 288, 291[3] (Mo.App.1986). The record herein contains sufficient evidence to enable the court to make a just division of the property, and the court's determination will stand.

Husband next disputes the trial court's valuation of the boat, motor and trailer at $2,500 and the guns at $500.

Wife testified the boat's value was $2,500 and included that amount in her proposed judgment. Husband listed the boat's value at $1,250 in his statement of property, testified it was worth $1,000, and listed its value at $1,325 in his proposed judgment. In regard to the guns, wife introduced at trial a list of guns owned by husband. Husband admitted owning some of the guns, but testified others had been sold after the separation and two were owned by his son. Husband admitted receiving a total of $475 for the two guns he sold. In their proposed judgments, husband valued the guns at $325 and wife valued them at $750. Both the guns and the boat were awarded to husband.

Determining the credibility of witnesses is for the trial court. *Daniels*, 675 S.W.2d at 33[6]. A review of the record discloses that the trial court's valuation of the items was supported by substantial evidence. *See Chastain v. Chastain*, 632 S.W.2d 291, 293[8] (Mo.App.1982).

Husband next questions the court's award of $250 per month rehabilitative maintenance to wife, arguing the award is excessive and speculative. Section 452.-335.1 allows the court to grant maintenance to either spouse if it finds that spouse lacks sufficient property to provide for his needs and is unable to support

himself through appropriate employment. § 452.335.1, RSMo 1986.

Although wife is currently employed, the record demonstrates that her income as a factory worker is insufficient to meet her necessary expenses. It also appears that wife has no income producing assets. These facts, coupled with the fact that husband's income far exceeds his expenses, justify the court's award of $250 per month maintenance for one year. *See In re Marriage of Souter,* 700 S.W.2d 545, 546[2] (Mo.App.1985).

Finally husband argues the court erred in ordering him to pay wife's attorney's fees in the amount of $1,344. Husband contends both spouses have approximately equal income and expenses. As stated earlier, this assertion is not supported by the record. An award of attorney's fees in a dissolution is within the discretion of the trial court and will be disturbed only upon an abuse of discretion. *Trapini v. Trapini,* 686 S.W.2d 877, 878[2] (Mo.App.1985). The record shows no abuse of discretion in this case.

Judgment affirmed.

SMITH, P.J., and SATZ, J., concur.