**Susan D. JEZEWAK, n/k/a Reis,
Respondent/Cross–
Appellant,**

v.

**Raymond A. JEZEWAK,
Appellant/Cross–
Respondent.**

**No. ED 74800.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 20, 1999.

Application for Transfer Denied
Nov. 23, 1999.

Joseph T. Bante, St. Louis, for Appellant.

Daniel P. Card, Paule, Camazine & Blumenthal, P.C., St. Louis, for Respondent.

PAUL J. SIMON, Presiding Judge.

Raymond Jezewak (Husband) appeals from the judgment of the Circuit Court in its division of marital property. Susan Jezewak, now known as Susan Reis (wife), cross-appeals the property division and the denial of attorneys and guardian ad litem fees.

In his sole point on appeal, husband alleges that the trial court's award of marital property was against the weight of the evidence, as the court stated in its judgment that " The court finds it just and equitable to divide the marital property as close as possible to one-half to Petitioner and one-half to Respondent" and then failed to do so. Wife filed a motion to dismiss husband's appeal on the grounds that he was procedurally estopped from appealing the property division in light of his filing of a motion for contempt to enforce the trial court's judgment. The motion was ordered taken with the case, and we deny the same. Wife also cross-appeals alleging that the trial court erred in: (1) not setting aside to wife, as her separate property the $12,000 previously divided by the parties and the value of the bedroom suite given to her by her mother; (2) the assignment of values to marital assets; (3) finding that there should be an equal division of property among the parties; (4) ordering wife to pay one-half of the guardian ad litem fees and in failing to order husband to pay wife's attorney's fees; (5) calculation of the amount of the note to be given to wife. We reverse and remand in part and affirm in part.

The record reveals that husband and wife were married in St. Louis County in 1986 and lived together as husband and wife until on or about January 1, 1998. Two children were born of the marriage, the oldest born November 7, 1991 and the youngest January 12, 1996. Since wife alleged abuse, a guardian ad litem was appointed to represent the children's interests.

The parties agreed to a "custody plan," child support, income tax dependency deductions, health care coverage of the minor children, reimbursement of uninsured medical expenses and educational expenses. The agreement was later incorporated into the judgment.

The court entered a judgment on June 18, 1998 and, pursuant to motions by the parties, modified it on July 22, 1998. On October 6, 1998, the court entered an amended judgment, incorporating the July amendments into the original judgment and correcting some minor clerical errors. In November, the court again amended the judgment to incorporate "Other Orders," which were left out of the October amendment. The judgment included: (1) a "custody plan," regarding physical and legal custody of the minor children, child support, income tax dependency deductions, health care coverage over the minor children, reimbursement of uninsured medical expenses, educational expenses; (2) "Other Orders," regarding the terms of disposition of the marital home; (3) a denial of maintenance to both parties; (4) dispositions of the parties' separate and marital property; (5) a denial of attorneys fees and order that each party pay one half of the guardian ad litem fees. The court awarded the following non-marital property to the wife: wife's clothing, jewelry, personal effects, 240 shares of Anheuser Busch and Earthgrain stock, cedar chest, UMC desk, antique dresser, vanity, end tables and night stand, set of pots and pans, book case, microwave, quilts, and

bedroom set in upstairs bedroom. To husband, the court awarded the following nonmarital property: husband's clothing, jewelry and personal effects, 80 shares of Ralston Purina Stock, 24 shares of Ralcorp/General Mills Stock, 4 shares of Agri-Brands stock, water-ski, life jacket, receiver, tape deck, turntable, equalizer, two speakers and certain Fidelity Funds ($1500.00).

In its division of the marital property, the trial court, guided by Section 452.330 RSMo 1994 (all further references shall be to RSMo 1994, unless otherwise indicated), considered that each of the parties had contributed to the acquisition of marital property, the economic circumstances of each of the parties at the time the division of property is to become effective, the conduct of the parties during the marriage, the value of the separate property, and the custodial arrangements for the children. The court rejected wife's contentions that she be awarded a disproportionate share of the property and discounted allegations of husband's misconduct. The court stated in its judgment that "The court finds it just and equitable to divide the marital property as close as possible to one-half to Petitioner and one-half to Respondent."

The court awarded the following marital property to wife: 1990 Honda Accord ($4100.00); First Community checking account 92000539 ($1290.00), and savings account ($750.00); Nation's Bank Account Nos. 00–5045–037059 ($18,433.00), 5045–282640 ($10,146.00), 36–4600210 ($6214.00); wife's household goods ($10,349.00); Fidelity Funds Accounts T72789411, T67249019, T79862594 ($81,643.00); Susan D. Reis & Assoc. Inc. ($19,000), marital items in possession of wife ($2335.00). The court awarded the husband: 1994 Nissan Quest Van ($6700); Mercantile Accounts 181001280 ($40.00), 1810145829 ($85.00), 181014478–0 ($2027.00), 22–050903 ($10,-276.00); Nations Bank Account No. 02701–0236–41892 ($285.00); husband's household goods ($3235.00); Fidelity Funds Accounts T96176008, T67249027, T81388446 ($32,-142.00); Jefferson Pilot Life Insurance surrender value ($890.00); Republic National Life ($2150.00) Raymond Jezewak Photography ($10,000.00); two dogs (no value); judgment for husband against wife ($16,360.00).

Husband filed his timely notice of appeal of the July 22, judgment on July 31, 1998, and wife filed hers August 3, 1998. Pending appeal, on December 10, 1998, Husband filed a Motion for Contempt and/or Civil Rule 74.07 Motion for Judgment for Specific Acts–Vesting Title–Delivery of Possession. Husband alleged that with respect to the sale of the home, wife failed to comply with the judgment and that wife failed to deliver Mercantile Bank Accounts Nos. 22–050903 ($10,276.00) and 1810144780–0 ($2027.00) to Husband. On February 16, 1999, the parties entered into an Agreement and Stipulation for Dismissal, regarding the sale of the house and husband withdrew his motion for contempt.

We first consider wife's motion to dismiss Husband's appeal, which was ordered taken with the case. A party may procedurally estop himself from taking an appeal by performing acts after the rendition of the judgment which are clearly inconsistent with the right of appeal, and the estoppel may consist of any voluntary act which expressly or impliedly recognizes the validity of the judgment. *Schulte v. Schulte*, 949 S.W.2d 225, 226 (Mo.App. E.D.1997). In *Feinberg v. Feinberg*, we held that where the wife had appealed a property settlement and denial of alimony and thereafter filed a motion for contempt maintaining that the husband had failed to make monthly payments in accordance with the decree's property settlement, wife's attempt to enforce the decree and acceptance of partial payment was not inconsistent with a request for redistribution of assets or maintenance. *Feinberg v. Feinberg*, 676 S.W.2d 5. Similarly, here since husband's motion for contempt to compel the delivery of the assets he was awarded was not inconsistent with

his plea for more marital assets, the motion is denied.

■ In husband's point on appeal, he alleges that the trial court's award of marital property was against the weight of the evidence, in that the trial court found it was just and equitable to divide the marital property as close as possible to one-half to Petitioner and one-half to Respondent. However, its division gave approximately $154,260.00 in marital property to wife (about 65 percent) and approximately $84,190.00 to husband (about 35 percent).

■ Where it is clear that the trial court intended that the marital assets be divided equally, but then fails to do so, we may modify the judgment to conform to the trial court's intent. *Gauthier v. Gauthier*, 785 S.W.2d 86, 88 (Mo.App. E.D. 1990). Here, the trial court clearly stated in its judgment that it intended to divide the property equally, as close as possible, and then failed to do so. Therefore, we must reverse and remand to the trial court for redistribution of the assets.

■ In her cross appeal, wife alleges in her first point that the trial court erred in not setting aside to her as separate property the $12,000 from the previously divided savings account and the value of the bedroom suite given to her as a gift. Section 452.330 provides that marital property includes:

all property acquired by either spouse subsequent to the marriage except: (1) Property acquired by gift, bequest, devise, or descent, (2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent; (3) Property acquired by a spouse after a decree of legal separation; (4) Property excluded by valid written agreement of the parties; and (5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and

then only to the extent of such contributions.

All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, and community property.

Here, the record reveals that the bedroom suite in question was given to wife as a gift from wife's mother, and thus separate property of the wife. Accordingly, the court erred in awarding it to wife as household goods, as part of her portion of marital property.

■ The record also reveals that the parties agreed that they had, prior to the judgment, already divided the contents of a savings account valued at $24,000, with each party receiving $12,000. Wife retained her $12,000, while husband had only $40 remaining. The trial court found that husband had used his funds for living expenses, rather than squandering them as wife alleged and included the amounts into the marital property of the parties. Wife alleges that the parties' prior division renders the property separate, we disagree. There is no allegation that the account funds were acquired other than after the marriage and additionally none of the exceptions from marital property provided by Section 452.330 apply here, thus the property is marital. Point denied.

■ In her second point, wife alleges that the trial court erred in its assignment of value to the marital assets. The trial court is prohibited from entering a valuation of the property not supported by any evidence at trial. *Williams v. Williams*, 716 S.W.2d 13, 16 (Mo.App.1986). The record reveals that the parties presented evidence of the values of the assets in dispute, namely by husband in his exhibit D and wife's exhibit 8, and that the trial court, based on the conflicting evidence assigned values to the assets. Point denied.

In her third point, wife argues that the trial court erred in finding that there should be an equal division of marital property, considering husband's marital misconduct and the custodial arrangements for the minor children. The trial court has considerable discretion in dividing marital property. *Lenger v. Lenger*, 939 S.W.2d 11, 14 (Mo.App.1997). Division of property by the trial court will be affirmed if it is not unduly weighted in favor of one party so as to constitute an abuse of discretion. *Id.* The trial court's division of property is presumed correct, and the party contesting the property division bears the burden of overcoming this presumption. *Id.*

Here, the trial court specified in its order that considering the parties' contributions to the acquisition of the marital property, the economic circumstances of each party, conduct of the parties during the marriage, value of separate property, and the custodial arrangements for the children, the court found it just and equitable to divide marital property as close as possible to one-half to each party. The trial court considered the factors mandated by Section 452.330 and decided that "as close as possible" to an equal distribution would be most equitable. Wife has not demonstrated an abuse of discretion. Point denied.

In her fourth point, wife alleges that the trial court erred in requiring her to pay one-half of the guardian ad litem fees and in refusing to award wife attorney's fees against husband. The guardian ad litem shall be awarded a reasonable fee for such services to be set by the court. The court, in its discretion, may award such fees as a judgment to be paid by any party to the proceedings or from public funds. Section 452.423.4. Additionally, the trial court has broad discretion in awarding or denying attorney fees, and its ruling will be disturbed on appeal only upon a showing of abuse of discretion. *Roth v. Roth*, 760 S.W.2d 616, (Mo.App. E.D.1988). Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo.banc 1988). The party challenging an award of attorney's fees must show that the award was clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *McNeely v. McNeely*, 935 S.W.2d 103, 104 (Mo.App.1996). Here, wife has not established that the court acted so arbitrarily and unreasonably to constitute an abuse of its discretion. Point denied.

In her final point, wife contends that the trial court erred in its calculation of the amount of the note to be given by husband to wife. In the original order, the trial court granted bank accounts totaling $16,-360.00 to husband in his share of marital property. However, pursuant to motions by both parties for new trial and to amend the judgment, the judge amended the original order in July 1998 to transfer those accounts to wife and then gave husband a corresponding judgment against wife for $16,360.00 to compensate for the transfer. In her brief, wife essentially argues that this is unfair because, as she alleged in her second point, the assets were unfairly valued and the property division was against the weight of the evidence. Because of our earlier disposition of wife's point two, this point is denied.

JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

KATHIANNE KNAUP CRANE, J. and LAWRENCE E. MOONEY, J., concur.