Tracy TAMBONE, Respondent/Cross–Appellant,

v.

Gregorio TAMBONE, Appellant/Cross–Respondent.

No. ED 83627.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 16, 2004.

Merle L. Silverstein, Clayton, MO, for Appellant.

Benicia A. Baker–Livorsi, St. Charles, MO, for Respondent.

GEORGE W. DRAPER III, Chief Judge.

Tracy L. Tambone (hereinafter, "Wife") and Gregorio Tambone (hereinafter, "Husband") were married on May 28, 1992. During their marriage, twin children were born. Wife and Husband separated in December 2001. Wife and Husband stipulated that conduct of both parties was not at issue and Wife would receive custody of their minor children. Hence, the only issues for the trial court to determine were division of the marital estate, and awards of maintenance and child support. After a three-day trial, the trial court issued its judgment dissolving their marriage on September 18, 2003. This appeal and

cross-appeal follow, raising issues of property division and child support. We reverse and remand.

■ Provisions in a decree of dissolution will be affirmed unless there is no substantial evidence to support them, they are against the weight of the evidence, they erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991). We view the evidence and all permissible inferences therefrom in the light most favorable to the trial court's decree, and we disregard all contrary evidence and inferences. *Mehra*, 819 S.W.2d at 353. Further, we defer to the trial court's determination of the credibility of the witnesses. *In re Marriage of Novak*, 83 S.W.3d 597, 600 (Mo.App. E.D.2002).

In his first point on appeal, Husband claims the trial court erred in its division of the marital property for three reasons. He alleges the trial court failed in: (1) dividing the marital property in a just and equitable manner; (2) assigning a negative value to a portion of the debt assigned to him; and (3) including the full amount of debt assigned to him in its calculation of marital property on the distribution schedule. Husband believes this creates an extremely disproportionate division of marital property.

■ "The trial court is vested with considerable discretion in dividing marital property and an appellate court will interfere only if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion." *In re Marriage of Duvall*, 67 S.W.3d 736, 740 (Mo.App. E.D.2002). The trial court abuses its discretion when its ruling is clearly against the logic of the circumstances of the case before it and is so arbitrary and

unreasonable as to shock this Court's sense of justice. *Schroeder v. Schroeder*, 59 S.W.3d 607, 609 (Mo.App. W.D.2001). Section 452.330.1 RSMo (2000)[1] sets forth nonexclusive factors for the trial court to consider in its division of marital property: (1) the economic circumstances of both parties at the time of the property division and the desirability of the custodial parent to be awarded the family home; (2) the contribution of both parties to the accumulation of marital property; (3) the value of each party's separate property; (4) conduct of the parties during the marriage; and (5) the custodial arrangements for the minor children.

The trial court took each of these factors into consideration in its judgment, including specifically, as per their pre-trial stipulations, not making a determination as to the conduct of Husband and Wife. Husband, however, complains the trial court erred in dividing the debt from the home equity loan and their tax refund check.

Wife concedes $23,000 of the home equity loan was characterized as a positive distribution to Husband when it should have been a debt attributable to her. Accordingly, upon remand, the trial court is directed to allocate this loan as a debt to Wife in its re-division of their marital property.

■ Husband also claims the trial court erred in assigning $7,000 of the home equity loan to him as sanctions. The trial court found that in December 2002, Husband increased the amount of the home equity line of credit by $6,500. This increase was made while the parties were separated and without Wife's knowledge or consent. Husband argues Wife knew of the increased amount. However, we defer credibility determinations to the trial

1. All further statutory references herein are to RSMo (2000) unless otherwise noted.

court, which found Wife did not know of the increased line of credit against her name. *Novak*, 83 S.W.3d at 600. The trial court ordered Husband to pay $7,000 on the home equity loan, accounting for the additional increase, as accrued interest, and a sanction to Husband for not receiving Wife's consent.

Imposing sanctions of a flat fine to Husband was not an abuse of the trial court's discretion. The fine was compensatory in nature and related to the actual damages suffered by Wife. *Smith v. White*, 67 S.W.3d 742, 747 (Mo.App. W.D.2002). Husband argues this should be divided as part of the marital estate. However, it stands to reason that sanctions imposed against one party should not be attributable against the party who was harmed. The trial court did not abuse its discretion in imposing sanctions against Husband and not including them as part of the marital estate.

■■ In his last argument relating to this point, Husband argues that the trial court improperly ordered him to pay Wife $7,453 from the tax refund check he received. The trial court found Husband obtained Wife's signature on their joint tax return under the guise of dividing the refund with her. Husband failed to do so. "Proceeds from federal and state tax refunds are presumed to be marital property and subject to division by the trial court." *Kester v. Kester*, 108 S.W.3d 213, 222 (Mo. App. S.D.2003). This amount was included in the judgment in the marital distribution chart. The trial court determined this amount was owed to Wife, and we find no suggestion that the trial court abused its discretion.

■ Husband's second point on appeal claims the trial court erred in classifying the proceeds from Wife's wrongful death claim for her mother's death as separate property. Husband contends those proceeds were acquired during the marriage and did not qualify as separate property.

While Husband and Wife were married and living together, Wife's mother died. Wife, her sister, and her father brought a wrongful death suit, seeking to be compensated for their untimely loss of their relative. Husband did not support, nor did he participate in, this suit. The wrongful death suit settled, and Wife's portion of the settlement was distributed to her while Husband and Wife were separated. Wife placed these proceeds in her separate account. Husband believes the trial court erred in allowing Wife to retain the settlement proceeds as separate property rather dividing the proceeds as part of the marital estate.

■ All property acquired during a marriage is presumed to be marital property. Section 452.330.3. However, there are exceptions to this maxim. A party may overcome the presumption of marital property by demonstrating the property is within one of the categories delineated by Section 452.330.2; this includes property acquired by gift, bequest, devise or descent. Section 452.330.2(1). Furthermore, the list of exclusionary factors in Section 452.330.2 is not exclusive. *Silcox v. Silcox*, 6 S.W.3d 899, 903 (Mo. banc 1999). "The party claiming that property is non-marital bears the burden of proving the property is separate property by clear and convincing evidence." *In re Marriage of Maninger*, 106 S.W.3d 4, 9 (Mo.App. E.D.2003).

Wrongful death is a statutory cause of action. Sections 537.080 et. seq. Section 537.080.1 provides for a wrongful death action

[w]henever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled

such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for. . . .

This section continues, setting forth a hierarchy of those persons entitled to bring a wrongful death cause of action. Section 537.080.1(1)-(3). Paragraph (1) of the statute allows a spouse, children, or parents of the decedent to bring a wrongful death action. Section 537.080.1(1). If there is no representative from paragraph (1) able to bring suit, then paragraph (2) allows for a wrongful death suit brought by the siblings of the decedent. Section 537.080.1(2). In the last scenario, if no one in either class is able to bring suit, a plaintiff ad litem shall be appointed by the court. Section 537.080.1(3).

Wife, in conjunction with her sister and her father instigated the wrongful death action for her mother's death as they were all members of the first class pursuant to Section 537.080.1(1). Husband was not entitled to sue on behalf of Wife's mother as he was not a member of any class listed by the statute. *See also, Call v. Heard,* 925 S.W.2d 840, 850 (Mo. banc 1996).

Additionally, Section 537.095 states, "Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice." After Husband and Wife separated, Wife's wrongful death suit settled. When the proceeds of this settlement were distributed to her, she maintained the funds in a separate account which did not contain marital funds nor was Husband listed as an account holder. Under these circumstances, Wife's proceeds remained her separate property.

Husband further argues the settlement proceeds should be marital property because Missouri follows the "source of funds rule." *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 824 (Mo. banc 1984); Section 452.330.2(5). Yet, this rule is not applicable in this case. The "source of funds rule" characterization of property as marital or separate "is determined by the source of funds used to finance the purchase." *Davis v. Davis,* 107 S.W.3d 425, 432 (Mo.App. E.D.2003). In this case, there were no marital funds invested into the wrongful death action; the case was taken on a contingency basis and fees were paid out of the settlement.

We find the trial court did not error by listing the proceeds of the wrongful death suit as Wife's separate property. Point denied.

Husband's final point on appeal claims the trial court erred in calculating its Form 14 because it failed to take into account monthly tuition expenses for the children which were ordered by the court. Husband believes this resulted in a mathematically incorrect amount of child support.

It is mandatory to use the Form 14 in calculating child support. Rule 88.01; *McGowan v. McGowan,* 43 S.W.3d 857, 871 (Mo.App. E.D.2001). In this case, both Wife and Husband submitted a Form 14. However, the trial court rejected both of their forms and prepared its own.

Determining the proper child support amount involves a two-step analysis. In the first step, the trial court establishes the presumed child support from a Form 14 submitted by either party or by the court. *Searcy v. Searcy,* 85 S.W.3d 95, 99 (Mo.App. W.D.2002) (*citing Douglas–Hill v. Hill,* 1 S.W.3d 613, 616 (Mo.App. W.D. 1999)). This is a mathematical process,

ensuring the child support guidelines are followed. *J.L.M. v. R.L.C., Jr.*, 132 S.W.3d 279, 286 (Mo.App. W.D.2004). "In the second step, the trial court makes a determination of whether that presumed child support amount has been rebutted as being unjust and inappropriate." *Id.*

This Court's review of the Form 14 ensures "the calculation was done accurately from a mathematical standpoint and that the various items and their amounts were included in the calculation and supported by substantial evidence." *Lagermann v. Lagermann*, 109 S.W.3d 239, 245 (Mo.App. E.D.2003). In this case, the trial court erred in its initial calculation of its Form 14 by failing to include the private education costs. Line 6(e) of Form 14 provides for "[o]ther extraordinary child-rearing costs." The comment for Line 6(e) explains what items should be included in extraordinary child-rearing costs. This comment allows for private school expenses which are not included in basic child-rearing costs. MO.R.Civ.P. Form 14, line 6(e), comment A. These costs are included on the Form 14 if the parents agree or the court so orders. *Id.*

Both Husband and Wife agreed their minor children would receive a private school education. They further agreed Husband would pay for all costs associated with attending private school. Accordingly, the trial court failed to include approximately $1400 of monthly educational expenses on its Form 14. These monthly expenses should have been included as extraordinary child-rearing expenses. The trial court is directed to re-calculate its Form 14 upon remand.

Wife raises one point in her cross-appeal. She alleges the trial court erred in finding Husband's future interest in a parcel of property in New Jersey as separate property. Similar to Husband's claims, Wife states that all property ac-quired during a marriage is marital unless it meets one of the statutory exceptions pursuant to Section 452.330. Wife believes Husband failed to introduce competent evidence which would exclude this property from being separate property.

At trial, Husband testified his aunt gifted the property to him, his siblings, and cousins subject to a life estate in Husband's parents. Husband's mother is still living, and Husband does not have free and clear title in the New Jersey property. Husband further testified that no marital funds were used to obtain or maintain this property.

The trial court is entitled to believe or disbelieve the testimony of either party. *Taylor v. Taylor*, 25 S.W.3d 634, 645 (Mo.App. W.D.2000); *Novak*, 83 S.W.3d at 600. It is apparent, the trial court believed Husband when he alleged he would receive his interest in the New Jersey property only after his mother passed away. The gift from his aunt clearly falls within a separate property exception. Section 452.330.2(1). Point denied.

The judgment of the trial court is reversed and remanded.

WILLIAM CRANDALL, JR., J., and CLIFFORD H. AHRENS, J., concur.