**Opinion issued December 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-01116-CV

————————————

**DIANE SMITH AND JOHN FERNANDEZ, Appellants**

**V.**

**HOUSTON DIRECT AUTO, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1107901**

---

## MEMORANDUM OPINION

Appellants, Diane Smith and John Fernandez, appeal from the trial court's take-nothing judgment against them in their suit against appellee, Houston Direct Auto, for breach of contract and negligence. We liberally construe the complaints

in appellants' pro se brief as a challenge to the legal sufficiency of the evidence supporting the trial court's judgment.[1]

We affirm.

## Background

Appellants alleged in their original petition that they purchased a car from appellee and that appellee agreed to make certain repairs to the car before delivery. Appellants alleged that appellee failed to make repairs as agreed. Appellants further alleged that the car was damaged while in appellee's possession for repairs. To their petition, appellants attached receipts for various repairs to a 2007 Mercedes S550.

On October 10, 2018, appellee filed and served on appellants an answer, generally denying appellants' claims and specifically denying the alleged representations. Appellee noted that appellants had purchased the car at issue "as is" and that appellants had executed a "Notice of Vehicle Sold Without Any Warranty." In its answer, appellee included requests for disclosure, as follows:

> Under Rule(s) 190 and 194 of the Texas Rules of Civil Procedure, [appellee] requests that [appellants] disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e), (f), (g), (h), (i), and (1) as well as Rule 190.2(b)(6) which requires the disclosure of all documents, electronic information, and tangible items that [appellants have] in [their] possession, custody, or control and may use to support [their] claims.

---

[1]     *See Morrill v. Cisek*, 226 S.W.3d 545, 549 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (construing challenge to trial court's decision as challenge to sufficiency of evidence).

The request for disclosure under Rule 190.2(b)(6) of the Texas Rules of Civil Procedure is not considered a request for production.

Appellants filed a response stating, "I am aware that both cars [sic] were bought as is and with no warranty." They asserted, however, that "things were not repaired correctly" and that some of the damages occurred "after purchase."

At trial on December 11, 2018, appellee objected to appellants presenting any evidence, beyond that attached to their petition, on the ground that appellants had failed to respond to appellee's requests for disclosure.[2] Fernandez explained to the trial court that his mother had responded on his behalf by email. He was, however, unable to provide the trial court with any evidence of such response. The trial court took a recess and directed the parties to search for the email. After the search was unsuccessful, the trial court sustained appellee's objection, ruling that the exclusion of appellants' evidence was mandatory under the Rules of Civil Procedure. Appellee then moved for a take-nothing judgment against appellants, which the trial court granted.

## Legal Sufficiency of the Evidence

### A.   *Standard of Review and Legal Principles*

In a nonjury trial, when no findings of fact or conclusions of law are filed, as here, we imply that the trial court made all necessary findings to support its

---

[2]      *See* TEX. R. CIV. P. 193.6.

3

judgment. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When a reporter's record is filed, as here, the implied findings are not conclusive, and a party may challenge the sufficiency of the evidence. *Id.* A party challenging the legal sufficiency of an adverse finding on which he had the burden of proof at trial must demonstrate that the evidence conclusively establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We indulge every reasonable inference to support the finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822 (Tex. 2005). We affirm the trial court's judgment if it can be upheld on any legal theory finding support in the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

To prevail on their breach-of-contract claim, appellants were required to establish (1) a valid contract to repair the car, (2) appellants' performance or tendered performance of their obligations, (3) appellee's breach of the agreement, and (4) resulting damages. *See N.&W. Ins. Co. v. Sentinel Inv. Grp., LLC*, 419 S.W.3d 534, 539 (Tex. App.—Houston [1st Dist.] 2013, no pet.). To prevail on their negligence claim, appellants were required to establish (1) the existence of a duty to repair the car, (2) a breach of that duty, and (3) damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

4

**B.**     *Analysis*

We note that the Texas Rules of Civil Procedure provide, in pertinent part, that a party who fails to timely respond to discovery "may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified," unless the court finds that: (1) there was good cause for the failure to timely respond or (2) the failure to timely respond will not unfairly surprise or unfairly prejudice the other parties. TEX. R. CIV. P. 193.6(a). The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. *Id.* 193.6(b). Unless one of its exceptions apply, this exclusionary rule is mandatory and automatic. *See id.; Santana v. Santana*, No. 02-15-00140-CV, 2016 WL 278781, at *2 (Tex. App.—Fort Worth Jan. 21, 2016, no pet.) (mem. op.).

Here, the record does not show that appellants responded to appellee's requests for disclosure. *See* TEX. R. CIV. P. 190.2(b); 194.2. On appeal, appellants do not challenge the trial court's exclusion of their evidence at trial. *See id.* 193.6(a).

Even if the trial court considered the receipts attached to appellants' petition, there is no evidence in the record of other elements of appellants' breach-of-contract or negligence claims, such as the existence of a valid contract to provide repairs or a duty to repair. *See N.&W. Ins. Co.*, 419 S.W.3d at 539; *W. Invs., Inc.*, 162 S.W.3d

at 550. Accordingly, we hold that the trial court did not err in rendering judgment that appellants take nothing on their claims.

We overrule appellants' sole issue.

## Conclusion

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.