**In re the MARRIAGE OF Gerald A. HILLIS and Elizabeth M. Hillis.**

**Gerald A. Hillis, Appellant,**

v.

**Elizabeth M. Hillis, Respondent.**

No. SC 90458.

Supreme Court of Missouri, En Banc.

May 11, 2010.

Amy Bonifield Galloway and Kristi J. Booker, Spain Miller & Spain LLC, Poplar Buff, for Appellant.

Benjamin E. Thompson and L. Dwayne Hackworth, Hackworth, Hackworth & Ferguson LLC, Piedmont, for Respondent.

## PER CURIAM.[1]

The parties dispute the division of marital property in this dissolution of marriage case. The trial court received conflicting evidence as to Wife's contributions to the funeral home's increase in value during the marriage. The question concerns the trial court's determination that the parties should evenly divide $200,000, which represented the marital property value of Husband's separate funeral home business. Substantial evidence supports the trial court's determination. The judgment is affirmed.

### Standard of review

The trial court has considerable discretion in determining whether, as a result of marital services or labor, non-marital property has increased in value and whether the increase should be determined to be marital property. *In re Marriage of Patroske*, 888 S.W.2d 374, 378 (Mo.App.1994). As a result, an appellate court will not disturb the trial court's decision on such matters without a clear showing of an abuse of discretion. *Id.* This Court presumes the trial court's order is correct, and the party challenging it has the burden of overcoming that presumption. *Id.*

A judgment in a dissolution case must be affirmed if there is substantial evidence to support it, it is not against the weight of the evidence, and it neither erroneously declares nor erroneously applies the law. *Rule 84.13(d); Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). All of the evidence and permissible inferences therefrom are viewed in the light most favorable to the trial court's decision, and all contrary evidence and inferences are to be disregarded. *Marriage of Patroske* at 378.

### Facts

Gerald Hillis (Husband) owned a funeral home. In October 2001, Husband's second marriage was dissolved. The dissolution decree valued the funeral home at $20,000.

Elizabeth Hillis (Wife) began working at the funeral home in January 2002. When she began employment at the funeral home, Wife received $800 bi-weekly. She worked, on average, 40 to 60 hours per week.

Husband and Wife married in April 2002. Shortly thereafter, Wife received notice of a tax lien placed on her pre-marital property to secure payment of approximately $110,000 for taxes owed by the funeral home and Husband. Wife also learned of approximately $250,000 missing from the corporation's trust account, $40,000 in uncollected accounts payable, and $183,000 in bank loans.

At the funeral home, Wife conducted all business and corporate banking. During the course of the marriage, Wife participated in refinancing the funeral home's debt both as a corporate officer and as a

---

1. This Court transferred the case after opinion by the court of appeals and has jurisdiction. Mo. Const. art. V, sec. 10.

personal guarantor. She kept the books, managed the office, arranged advertising, made capital improvements to the funeral home, and introduced new products.

As a result of their efforts, Husband and Wife were able to reduce the funeral home's debt and improve the business so that, at trial, the parties estimated its value as between $450,000 and $600,000. The trial court determined that Wife's contribution of substantial services resulted in the increase in value of the funeral home by reduction of the corporate indebtedness and that she was not adequately compensated for her services. The court also determined that Wife was entitled to share in the increase in the value of the corporation to the extent of being awarded $100,000.

## Discussion

■ The trial court found that the Hillis funeral home is the separate property of Husband. Wife does not contest this finding. Marital labor, effort, or services result in a marital interest in the increased value of a spouse's separate property if there is proof of: (1) a contribution of substantial services; (2) a direct correlation between those services and the increase in value; (3) the amount of the increase in value; (4) performance of the services during the marriage; and (5) the value of the services, the lack of compensation, or inadequate compensation. *In re Marriage of Spence*, 943 S.W.2d 373, 376 (Mo.App.1997).

■ There was testimony Husband believed Wife's contributions were responsible for substantially reducing the corporation's overwhelming debt, which threatened the funeral home's existence. The evidence demonstrated Wife's contributions to securing substantial refinancing of the funeral home's debt. During the marriage, the corporate debt was reduced by approximately $415,000.

In addition, Wife testified that she worked up to 90 hours per week for a beginning bi-weekly salary of $800, which increased during the marriage to $1,380 while working 40 to 60 hours per week. Wife served without compensation as an officer of the corporation. As previously noted, she managed the business on a day-to-day basis including the bookkeeping, advertising, and customer service. She developed a Web site for the funeral home and introduced new products to sell.

All of Wife's contributions were factors that resulted in an increase in the value of the funeral home from between $0 and $20,000 at the beginning of the marriage to between $450,000 and $600,000 at the end of the marriage. The trial court's award of $100,000 to Wife as her share of the increase in the value of the funeral home resulting from her efforts is supported by substantial evidence.

## Conclusion

The judgment is affirmed.

All concur.