

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **DEBRA ANNE STONE,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | **WD77156** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **December 9, 2014** |
| **RANDY ALAN STONE,** | ) | |
| | ) | |
| **Appellant.** | ) | |

### Appeal from the Circuit Court of Clay County, Missouri
### The Honorable David P. Chamberlain, Judge

### Before Division II: Joseph M. Ellis, Presiding Judge, and
### James Edward Welsh and Mark D. Pfeiffer, Judges

Randy Alan Stone ("Husband") appeals the judgment of the Circuit Court of Clay County, Missouri ("trial court"), dissolving his marriage to Debra Anne Stone ("Wife") and dividing the parties' property. In a single point relied on, Husband claims that the trial court erred in several respects. We affirm.

## Factual and Procedural Background

Husband and Wife married on April 5, 2009. They separated on or about November 20, 2011. There were no children born of the marriage. Prior to the marriage, both Husband and Wife owned their own homes. At some point prior to the marriage, Husband sold his house and

moved in with Wife. During the marriage, Husband and Wife purchased two more properties sitting on four adjacent lots. One of the properties Husband uses for his business, and the other is a residence in which Husband now lives.

At trial, Husband testified that the two properties that were purchased during the marriage were purchased with the proceeds of the sale of his non-marital home that he had sold prior to the marriage, but the cashier's check that he brought to the trial showing the down-payment on one of the properties stated that it was "for the benefit of [Husband] and [Wife]."

Husband also testified that he paid half of the expenses while the couple lived in Wife's house before and during the marriage and that he did extensive improvement work on Wife's house that increased its value. However, Husband submitted no evidence of Wife's home's value at the time of the marriage or of any increase in the home's value during the marriage due to his efforts or investments. Furthermore, during the marriage, Husband executed a document called "Acknowledgment of Separate Estate of Spouse and Consent to Execution of Deed of Trust" that disclaimed any interest in Wife's home.

Finally, Husband testified that the motorcycle he purchased during the marriage was purchased with non-marital funds, in that Husband had borrowed against another non-marital vehicle to pay for the motorcycle. Husband provided no documentation supporting his claim.

The trial court found that Wife's home, which she had purchased prior to the marriage, was entirely non-marital property. It found that the two pieces of real property that the couple had purchased during the marriage were marital property, and it awarded those properties, to which it had assessed a value of $52,000, to Husband. It assessed any debt on the properties to Husband and ordered that Wife be held harmless for any such debt. The trial court also awarded Husband the motorcycle he had purchased during the marriage and a trailer that he had

2

purchased during the marriage, and it found that both of these were marital property.  After having awarded most of the marital assets to Husband, the trial court ordered an equalization payment from Husband to Wife in the amount of $36,600.  Husband appeals.

## Standard of Review

As with any court-tried case, the judgment in a dissolution case will be affirmed if it is supported by the evidence; it is not against the weight of the evidence; and it does not erroneously declare or apply the law.  *Jones v. Jones*, 277 S.W.3d 330, 334 (Mo. App. W.D. 2009).  We view the evidence in the light most favorable to the dissolution decree and disregard any contrary evidence or inferences therefrom.  *Id.*  We defer to the trial court's credibility determinations.  *Id.*  Where the issue on appeal is the trial court's application of section 452.330.1[1] in dividing marital property, "this court will interfere only where the division is so unduly favorable to one party that it constitutes an abuse of discretion."  *Id.* at 337 (internal quotation omitted).  We presume that the division of property was correct; the party challenging it bears the burden of overcoming the presumption.  *Sullivan v. Sullivan*, 159 S.W.3d 529, 534 (Mo. App. W.D. 2005).

## Analysis

In a single point on appeal, Husband alleges three distinct errors by the trial court.  The argument section of Husband's brief acknowledges this, stating:

> [Husband's] point relied on is divided into three separate portions.  The first two concern the contributions made by [Husband], during the marriage, to the acquisition of assets through his non-marital funds . . . .  The second portion of [Husband's] contention of error is related to the Court's failure to divide all the marital debts and to deduct the debt incurred by [Husband] from the value of net assets . . . .

---

[1] All statutory references are to RSMo 2000 as supplemented.

3

"A single point relied on that groups multiple, disparate claims is multifarious, does not comply with Rule 84.04, and generally preserves nothing for review." *Rouse v. Cuvelier*, 363 S.W.3d 406, 419 (Mo. App. W.D. 2012) (internal quotation omitted). Accordingly, though we have exercised our discretion to review Husband's claims, it is well within our discretion to dismiss Husband's appeal on this basis. *Sullivan*, 159 S.W.3d at 537.

Husband first alleges error in that the trial court failed to consider Husband's contributions during the marriage to Wife's non-marital home, which he claims made the home partially marital property. Section 452.330.2(5) dictates that an increase in value during the marriage of property acquired *before* the marriage is non-marital, "unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions." When utilizing the source of funds rule, marital contributions include "amounts expended after marriage from other than nonmarital funds toward the purchase of the property and the value of all improvements made after the marriage from other than nonmarital funds." *Alexander v. Alexander*, 956 S.W.2d 957, 961 (Mo. App. W.D. 1997). Non-marital contributions include "the equity in the property at the time of marriage, plus any reduction of mortgage principal from expenditures of traceable nonmarital funds, and/or the value of improvements made to the property from such nonmarital funds." *Id.* (internal quotation omitted).

In this case, as the trial court noted in its judgment, Husband "has failed to make any showing of the nature and value of any alleged marital portion that he is entitled to receive of said real property, and as a result of same, the Court finds that said real property should be set aside to [Wife] as her non-marital property, free and clear of any claims by [Husband] whatsoever." While Husband testified as to work he did on Wife's home during the marriage,

4

some of the work would constitute general maintenance. Other improvements may have been made prior to the marriage (Husband and Wife lived in her home for some time before they were married). Husband provided little evidence of the improvements that were done *during* the marriage and, importantly, no evidence—not even his own testimony—as to how much the improvements increased the value of the home. Also, although Husband's appellate brief mentions trial exhibits that he claims support his claims, those exhibits are not included in the record on appeal and are, thus, not considered by us in our appellate review. As such, there simply is nothing in the record before us to substantiate Husband's claim that the trial court erred in its judgment related to the award of Wife's non-marital home to Wife "free and clear of any claims by [Husband] whatsoever."

Husband's second claim is that the trial court erroneously classified the two properties purchased during the marriage as marital property. Section 452.330.3 states that "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership." The presumption that the property is marital is only overcome by a showing that the property was acquired by one spouse by one of the methods listed in section 452.330.2. That section, as Husband points out, includes property that was purchased by one spouse in exchange for property acquired before the marriage. § 452.330.2(2). Husband argues that since the properties in which he now lives and works were purchased with the proceeds from the sale of his pre-marital home, they should properly have been classified as his non-marital property. Husband, however, did not provide the trial court, nor does he provide this court, with any documentation supporting his claim that the properties were purchased with non-marital funds. Instead, Husband ignores that the

5

cashier's check, which Husband testified went toward the purchase of one of the properties purchased during the marriage, states that it is "for the benefit of [Husband] and [Wife]." Husband also ignores a deed of trust for one of the properties, which is signed by both spouses as "husband and wife," and a promissory note for one of the properties, which both spouses signed as borrowers. Simply put, the trial court is "free to believe all, some, or none of the evidence presented." *Sparks v. Sparks*, 417 S.W.3d 269, 280 (Mo. App. W.D. 2013). Here, the trial court obviously did not find Husband's testimony to be credible on this topic. Given that there is no documented evidence to support Husband's claims, and viewing the evidence and all reasonable inferences in the light most favorable to the judgment, the trial court's classification of the properties as marital is supported by substantial evidence.

Husband's third alleged error is that the trial court incorrectly failed to distribute the debt on the property classified as marital by the trial court. The judgment found that the marital real properties had "an equity value of $52,000.00 without evidence as to whether or not there is a present indebtedness on the property." The record supports this finding by the trial court. The statement of marital property that Wife submitted to the trial court listed the real properties as having a value of $70,000 with a debt of $13,304. Husband's statement showed the properties as having a value of $52,000 *with no debt*. Thus, Husband's own statement does not support his argument. *See Engeman v. Engeman*, 123 S.W.3d 227, 238 (Mo. App. W.D. 2003) (affirming trial court's property distribution when the complaining party's statement of marital property does not support that party's argument). Both of those statements constitute substantial evidence supporting the trial court's ultimate conclusion that the equity in the property was $52,000. "In valuing marital property, the trial court may receive any relevant evidence on the issue, and we give great deference to the trial court's decision." *Jones v. Jones*, 277 S.W.3d 330, 337 (Mo.

6

App. W.D. 2009) (internal quotation omitted). "This [c]ourt will not disturb the trial court's valuation as long as it is within the range of conflicting evidence of value offered at trial." *Id.* (internal quotation omitted). "[W]hen the owners testify to two different values, the trial court is not bound to accept either estimate as exact." *Id.* (internal quotation omitted). Here, the trial court valued the marital value in precisely the same amount as identified by Husband on his statement of marital property. Husband cannot now complain that there is no substantial evidence to support that determination.

Husband also complains that the trial court did not consider the debt he claims to have incurred acquiring his Honda motorcycle, which the trial court found to be marital. The evidence established that there was no debt on the motorcycle. Husband testified that he borrowed against another non-marital vehicle to acquire the motorcycle, but the trial court was free to disbelieve this testimony, *Sparks*, 417 S.W.3d at 280, and Husband produced no documentation to support his assertion. Absent credible evidence to support Husband's claim that some debt against a non-marital vehicle is marital debt, the trial court acted within its discretion to refuse to classify this debt, if it exists, as marital.[2]

Husband's point on appeal is denied.

### Conclusion

For all of the above-stated reasons, we affirm the judgment of the trial court.

_____
Mark D. Pfeiffer, Judge

Joseph M. Ellis, Presiding Judge, and
James Edward Welsh, Judge, concur.

---

[2] Husband also argues that the trial court erred in designating a bank account and a flatbed trailer as marital property; but again, he ignores that the statement of marital property that he submitted to the trial court listed these items as marital property. For the same reasons identified in our ruling relating to Husband's "debt" argument, we reject these miscellaneous claims as well. *See Engeman v. Engeman*, 123 S.W.3d 227, 238 (Mo. App. W.D. 2003).