

# SUPREME COURT OF MISSOURI
## en banc

CHRISTINE ANN LOLLAR,           )      *Opinion issued September 1, 2020*
                                            )

                Appellant,          )

                                            )

v.                                       )      No. SC97984

                                            )

RICHARD DWAIN LOLLAR,          )

                                            )

                Respondent.       )

### APPEAL FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY
The Honorable Thea Ann Sherry, Judge

Christine Ann (Lawson) Lollar ("Wife") appeals from the circuit court's judgment dissolving her marriage to Richard Dwain Lollar ("Husband") and distributing the marital estate. Wife claims the circuit court erred in awarding a marital 401(k) account of uncertain value to Husband due to Husband's marital misconduct. This Court granted transfer after opinion by the court of appeals.[1] The circuit court's judgment is affirmed.

### Background

Wife and Husband married in 2005. They separated December 9, 2015, after Wife reported Husband to law enforcement for sexually assaulting their daughter. Husband was

---

[1] This Court has jurisdiction under article V, section 10 of the Missouri Constitution.

arrested and charged with first-degree statutory rape, first-degree statutory sodomy, and first-degree child molestation. After his arrest, Wife petitioned for dissolution of marriage.

During the dissolution trial, Wife testified that, while Husband was detained following his arrest, she lost her job and had no source of income. She testified she used Husband's final paychecks and a tax refund to pay outstanding debts and bills. She surrendered a Ford Mustang previously driven by Husband to creditors because she could not afford payments on the loan. To reduce expenses, Wife moved to a smaller residence. The new residence could not accommodate all the possessions from the larger home, so she disposed of some personal property, including some of Husband's personal possessions.

The marital estate included a 401(k) account in Husband's name. During the trial, neither Wife nor Husband provided specific evidence as to the account's actual value. Wife said the 401(k) account was valued at "[a] couple thousand, perhaps" but "less than five" thousand dollars. Husband testified the amount in the account was "only like a couple thousand dollars." After weighing the inexact evidence, the circuit court determined the value of the account to be "less than $5,000.00."

Wife did not seek an award of child support or maintenance due to Husband's incarceration, but she sought a disproportionate value of the marital estate, including 100 percent of the 401(k). Wife justified this request because she was the sole provider for their daughter, her monthly income did not cover her reasonable needs, and Husband had committed misconduct during the marriage by assaulting their daughter. Husband, representing himself, presented no evidence but requested an even division of the 401(k).

2

Husband explained he needed funds from the account to pay the marital debts Wife sought to assign to him because his incarceration prevented him from earning income.

After weighing the evidence, including Wife's and Husband's property statements listing the separate marital property and debts with corresponding and disputed values, the circuit court divided the marital estate. The circuit court awarded Wife a vehicle valued at $17,000[2]—the most substantial asset of the marital property—and all personal property in her possession. The circuit court also assigned less than half of the marital debts to Wife, including several credit cards in her name and half of the daughter's outstanding medical expenses. The marital debt the circuit court assigned to Wife totaled $11,000. On balance, the total value of Wife's allocation of marital property was $6,000. The circuit court assigned a higher percentage of the marital debts to Husband, including the other half of the daughter's outstanding medical expenses and several other credit cards. The marital debts allocated to Husband totaled $12,800. The circuit court awarded Husband the entire 401(k) account, but Husband received no other assets of significant value. The total net value of Husband's allocation of the marital property was approximately $7,800 of debt, assuming the 401(k) had a value of $4,999.99.[3] In its judgment, the circuit court also found Wife dissipated marital assets by using Husband's paychecks and the tax refund to pay

---

[2] In an amended property statement, Wife listed a debt of $18,000 encumbering the vehicle. While acknowledging the $18,000 debt in the final judgment, the circuit court ultimately found the net equity value of the vehicle to be $17,000. Wife does not challenge this finding on appeal.

[3] The circuit court did not find the 401(k) account was worth $4,999.99. Rather, the circuit court found the account was worth "less than $5,000." Of course, Husband's allocation of the net debt would increase with a decrease in the value. By assuming the full value of the 401(k) found by the circuit court, Husband's net allocation was $7,800 of debt.

3

outstanding debts and utility bills. Despite this finding, the circuit court's apportionment of the marital estate favored Wife.

On appeal, Wife claims the circuit court legally erred and abused its discretion in awarding the entire 401(k) account to Husband in light of Husband's misconduct. Specifically, Wife argues the court erred in failing to appropriately distribute the marital estate based on its finding that she dissipated marital assets by paying debts and household bills with Husband's paychecks and the tax refund.[4]

*Standard of Review*

The judgment in a court-tried civil case will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it

---

[4] Wife's sole point relied on does not comply with Rule 84.04(d) in that it raises multiple claims of error: 1) the circuit court abused its discretion by allocating the 401(k) account to Husband; 2) the circuit court's judgment was not supported by substantial evidence; and 3) the circuit court erred in finding the dissipation of assets. These claims are separate and distinct inquiries and require discrete legal analyses. *See Macke v. Patton*, 591 S.W.3d 865, 869-70 (Mo. banc 2019).

A multifarious point preserves nothing for appellate review. *Bowers v. Bowers*, 543 S.W.3d 608, 615 n.9 (Mo. banc 2018). An appellant bears the burden to overcome many presumptions on appeal, including the presumption that the circuit court's judgment is correct. *Bramer v. Abston*, 553 S.W.3d 872, 879 (Mo. App. 2018). "To satisfy this burden, and overcome the judicial preference for 'finality of judgments,' an appellant must comply with the rules of appellate procedure." *Id.* Compliance with appellate briefing rules is necessary to ensure appellate courts do not take on an advocacy role by easing the burden on the appellant and speculating about facts or arguments that may overcome the presumption that the judgment is correct. *Myrick v. E. Broad., Inc.*, 970 S.W.2d 885, 886 (Mo. App. 1998) (citing *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978)).

However, this Court may conduct review, *ex gratia*, of such points on the merits. *Id.* Ultimately, Wife's right to relief depends on whether the circuit court abused its discretion in distributing the marital assets and debts resulting in prejudice to Wife regardless of whether the circuit court erred finding she dissipated assets. Therefore, this Court exercises its discretion to review this claim of error.

4

erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) (setting the standard of review for court-tried civil cases). Only errors "materially affecting the merits of the action," or prejudicial errors, require reversal. Rule 84.13(b); § 512.160.2.[5] "The trial court has broad discretion in identifying, valuing, and dividing marital property." *Landewee v. Landewee*, 515 S.W.3d 691, 694 (Mo. banc 2017) (internal quotation omitted). In addition, appellate courts will "interfere [in marital property divisions] only where the division is so unduly favorable to one party that it constitutes an abuse of discretion." *Stone v. Stone,* 450 S.W.3d 817, 820 (Mo. App. 2014). This Court presumes the property division was correct, and the appellant bears the burden of overcoming the presumption. *Id.*

In reviewing the circuit court's judgment, this Court accepts as true the facts and all reasonable inferences therefrom in the light most favorable to the judgment. Rule 73.01(a)(2); *Landewee*, 515 S.W.3d at 691. This Court disregards all evidence and inferences to the contrary. *In re Marriage of Hillis*, 313 S.W.3d 643, 644 (Mo. banc 2010). This Court does not review credibility determinations or resolutions of conflicting evidence. *In re Marriage of Patroske,* 888 S.W.2d 374, 383 (Mo. App. 1994).

### Division of Marital Assets

"While the trial court's division of marital property need not be equal, it must be fair" under the facts and circumstances of the case. *Silcox v. Silcox*, 6 S.W.3d 899, 904 (Mo. banc 1999). "Retirement benefits are considered marital property and are subject to

---

[5] All statutory citations are to RSMo 2016.

division, unless they were accumulated prior to the marriage." *Rallo v. Rallo*, 477 S.W.3d 29, 39 (Mo. App. 2015).

The parties bear the burden to present evidence of the value of marital property. *Cosby v. Cosby*, 291 S.W.3d 795, 799 (Mo. App. 2009). A circuit court may rely on a party's estimate of an asset's value, but the court is not required to find the value in accordance with that estimate. *See In re marriage of Kovach*, 873 S.W.2d 604, 608-609 (Mo. App. 1993). If the parties do not present credible evidence of the value of marital property, the circuit court cannot be found to have distributed the property unequally. *In re Marriage of Julian*, 868 S.W.2d 182, 186-87 (Mo. App. 1994).

After the circuit court determines the value of the marital property, the court distributes the property between the parties by weighing the non-exclusive factors outlined in section 452.330.1. Section 452.330.1 provides the circuit court "shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors," but the court must consider certain factors.[6] Marital misconduct is a factor listed in section 452.330.1; however, it is just one of many factors the circuit court must consider when dividing marital property. Other factors may balance or even outweigh

---

[6] These factors are: the economic circumstances of the parties; the contribution of each party to the acquisition of the property, including the contribution of a spouse as homemaker; the value of nonmarital property set aside to each party; the conduct of the parties during the marriage; and the custodial arrangements for the minor children.

the effect of marital misconduct and give rise to marital property division that favors one spouse.[7]

On appeal, Wife claims the circuit court abused its discretion by unduly favoring Husband in apportioning the marital property and bears the burden of showing an abuse of discretion. *Silcox*, 6 S.W.3d at 904-05. Wife cannot meet this burden and show the circuit court abused its discretion in distributing the marital assets and debts. This Court looks at all facts in the light most favorable to the judgment and disregards evidence to the contrary. Rule 73.01(c); *Hillis*, 313 S.W.3d at 644. Reviewing the circuit court's judgment under this standard of review, the circuit court's asset and debt division is not so disproportionate in Husband's favor as to constitute an abuse of discretion. In fact, the division of assets and debts disproportionately favors Wife. As described above, Wife received a vast amount of marital assets totaling $17,000. The only asset apportioned to Husband was the 401(k) account valued at less than $5,000, and he received a larger portion of the marital debts.

While *Murphy v. Carron* dictates this Court review the circuit court's judgment to determine if it "erroneously declares the law . . . [or] erroneously applies the law," 536 S.W.2d at 32, erroneous declaration or application of the law is not itself sufficient to justify reversal. This Court will find reversible error only when it materially affects the merits of the action with a "firm belief that the decree or judgment is wrong." *Id.*; *see also* Rule

---

[7] Additionally, "[e]ven if the [circuit] court believes the evidence of misconduct, it can still divide the property in equal fashion." *Seggelke v. Seggelke*, 319 S.W.3d 461, 466 (Mo. App. 2010).

84.13(d). In other words, a party must not only demonstrate error but also show prejudice. *Murrell v. State*, 215 S.W.3d 96, 109-10 (Mo. banc 2007). Because Wife received a disproportionately advantageous division of the marital estate, Wife was not prejudiced by the circuit court's finding that she dissipated marital assets, even assuming this finding was in error. *See Knapp v. Knapp*, 874 S.W.2d 520, 522 (Mo. App. 1994) (finding that, despite erroneous application of the law, there was no prejudice to one spouse when the net effect of the asset division favored that spouse).

The dissenting opinion contends the dissipation finding was error warranting reversal of the circuit court's judgment. But even if the circuit court's dissipation finding erroneously applied the law, Wife received a vastly disproportionate amount of the marital estate and cannot show she was prejudiced by the circuit court's distribution. Without a showing of prejudice, even an erroneous application of law is insufficient for reversal under *Murphy v. Carron*. In fact, had the circuit court awarded the 401(k) account to Wife, the circuit court would have awarded all the marital assets to Wife, leaving Husband with a disproportionate amount of the marital debt and no assets from which to pay these debts. Such a division could arguably constitute an abuse of the circuit court's discretion. *See Hight v. Hight*, 314 S.W.3d 874, 879-880 (Mo. App. 2010) (finding an abuse of discretion in awarding wife 93 percent of marital assets and only 27 percent of marital debt despite husband's abuse during the marriage); *see also Bohon v. Bohon*, 102 S.W.3d 107, 111 (Mo. App. 2003) (stating anything exceeding a 60/40 division may constitute abuse of discretion

8

without justification) (citing *In re Marriage of Woodson*, 92 S.W.3d 780, 785 (Mo. banc 2003)).[8]

Moreover, the circuit court was tasked with dividing marital property without the benefit of complete information about the disputed property's financial worth. Husband and Wife shared the burden of proving the value of the account, *Cosby*, 291 S.W.3d at 799, but neither party provided fixed evidence of its value. Wife valued the account between $2,000 and $5,000. Husband valued the account at approximately $2,000. Wife insists the parties' statements as to the value of the account constitute evidence to determine the value of the account. *See Kovach*, 873 S.W.2d at 608-09. While this is true, the parties' estimated values contained in their property statements for the 401(k) account only support the circuit court's finding: the imprecise value of "less than $5,000." And while these estimates provide evidence of the account's value, the circuit court is not required to find the value in accordance with that estimate. *Id.* at 609. In this case, the circuit court found the asset had no clear value. Given the circuit court's credibility findings and overall distribution of property and debts, this Court cannot say an alleged erroneous statement or

---

[8] To be sure, Missouri appellate courts routinely affirm disproportionate distributions of marital property. *See, e.g.*, *Woodson*, 92 S.W.3d at 785; *L.R.S. v. C.A.S.*, 525 S.W.3d 172, 186-87 (Mo. App. 2017); *Rombach v. Rombach*, 867 S.W.2d 500, 505 (Mo. banc 1993) (finding no abuse of discretion when the circuit court awarded the wife approximately 78 percent of net marital property); *see also, e.g.*, *Nelson v. Nelson*, 25 S.W.3d 511 (Mo. App. 2000); *Jennings v. Jennings,* 910 S.W.2d 760, 765-67 (Mo. App.1995) (affirming the award of 86 percent of marital property to one spouse); *Foraker v. Foraker*, 133 S.W.3d 84 (Mo. App 2004) (affirming the award of 90 percent of the marital estate to one spouse after accounting for all marital assets, marital debts, and money judgments). However, none of these examples includes allocating all marital assets to one spouse while also allocating a disproportionate amount of the marital debt to the other spouse.

application of law prejudiced Wife or that the circuit court abused its discretion or lacked substantial evidence in awarding the 401(k) account to Husband when the account has no clear value.

Wife bears the burden to show the asset and debt division was unduly favorable to Husband, and she has not shown the asset and debt division is unfair under the circumstances or that the circuit court committed reversible error. Considering the evidence in the light most favorable to the circuit court's judgment, the court acted within its discretion in awarding the 401(k) account to Husband.

## Conclusion

The circuit court's judgment is affirmed.

_____
W. Brent Powell, Judge

Wilson and Russell, JJ., concur;
Fischer, J., concurs in separate opinion filed;
Breckenridge, J., dissents in separate opinion filed;
Draper, C.J., and Stith, J., concur in opinion of Breckenridge, J.

10



# SUPREME COURT OF MISSOURI
## en banc

CHRISTINE  ANN  LOLLAR,            )
                                      )
                 Appellant,           )
                                      )
v.                                        )        No. SC97984
                                      )
RICHARD  DWAIN  LOLLAR,        )
                                      )
                 Respondent.       )

## CONCURRING OPINION

In my view, this Court should dismiss Wife's appeal because her sole point relied on fails to comply with Rule 84.04. Nevertheless, the principal opinion has chosen to review an argument *ex gratia*. Because I agree with the principal opinion, I concur.

Rule 84.04's briefing requirements are mandatory. *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005). Rule 84.04(d)(1) requires a point relied on to identify a single claim of reversible error, to concisely state the legal reasons for that claim of error, and to explain how those legal reasons, in the context of the case at hand, support the stated claim of error.[1] A point relied on is "multifarious" in violation of Rule 84.04—and preserves nothing for appellate review—when it contains multiple, independent claims. *Macke v. Patton*, 591

---

[1] Complying with Rule 84.04(d) is not complicated, as the Rule provides the following template: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]." Rule 84.04(d)(1) (italics in original).

S.W.3d 865, 869 (Mo. banc 2019). Put another way, "[a] point relied on violates Rule 84.04(d) when it groups together multiple contentions not related to a single issue *and is subject to dismissal*." *Mo. Bankers Ass'n, Inc. v. St. Louis Cty.*, 448 S.W.3d 267, 271 n.5 (Mo. banc 2014) (emphasis added).

Wife's sole point relied on is as follows:

**The Circuit Court erred in denying Wife any part of a marital retirement account because the trial court's ruling was an abuse of discretion and was not supported by substantial evidence to justify depriving Wife of an equitable share of the marital asset in that the Court erred as a matter of fact and law in failing to apply the relevant statutory factors in an appropriate manner thereby depriving Wife of any portion of the account when her payment of ordinary household bills was erroneously found to be the dissipation of marital assets.**

Wife's point relied on asserts the circuit court abused its discretion in its distribution of marital assets and debts, that the circuit court's judgment was not supported by substantial evidence, and that the circuit court misapplied the law in rendering its judgment. Because these challenges are distinct claims that must be raised in separate points relied on, Wife's point is multifarious, preserves nothing for this Court's review, and should be dismissed. *Macke*, 591 S.W.3d at 869-70; *Mo. Bankers Ass'n*, 448 S.W.3d. at 271 n.5; *see also J.A.R. v. D.G.R.*, 426 S.W.3d 624, 630 n.10 (Mo. banc 2014).

The principal opinion recognizes this but nonetheless addresses the point relied on *ex gratia*. *Slip op.* at 4-5 n.4. While I acknowledge this Court's discretion to address noncompliant points *ex gratia*, *Macke*, 591 S.W.3d at 870, this discretion should only be exercised in rare cases because it necessarily puts this Court in an advocacy position. *See*

2

*Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)[2]; *see also Bowers v. Bowers*, 543 S.W.3d 608, 619 (Mo. banc 2018) (Fischer, J., dissenting). In addition, this Court should employ *ex gratia* review only when the issue contained in the point relied on is exceedingly important. *See Macke*, 591 S.W.3d at 870 n.3 (employing *ex gratia* review of a noncompliant point relied on because the court of appeals repeatedly misapplied the correct standard of appellate review for wrongful death settlement apportionment determinations); *see also Johnson v. State*, 580 S.W.3d 895, 907 n.10 (Mo. banc 2019) ("[This] Court should exercise extreme caution when deciding whether to conduct discretionary *ex gratia* review, as such review is warranted only where necessary to avoid manifest injustice.").

---

[2] The problems with an appellate court assuming an advocacy role were more fully explained in *Thummel:*

> The requirement that the point relied on clearly state the contention on appeal is not simply a judicial word game or a matter of hypertechnicality on the part of appellate courts. It is rooted in sound policy . . . If the appellate court is left to search the argument portion of the brief (or even worse, to search the record on appeal) to determine and clarify the nature of the contentions asserted, much more is at stake than a waste of judicial time (even though in this time of increased litigation and heavy caseloads, that alone is sufficient justification for the rules). ***The more invidious problem is that the court may interpret the thrust of the contention differently than does the opponent or differently than was intended by the party asserting the contention. If that happens, the appellate process has failed in its primary objective of resolving issues raised and relied on in an appeal.***
>
> ….
>
> It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel. It would be unfair to the parties if it were otherwise. That is the reason for the sometimes expressed unwillingness of an appellate court to assume the role of counsel and advocate for a party on appeal. When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

570 S.W.2d at 678 (emphasis added).

The instant case does not contain an exceedingly important issue, as it merely asks this Court to review the circuit court's judgment under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), which applies to every bench-tried case. Because an exceedingly important issue is not present here, this Court should follow its Rules as written and dismiss Wife's appeal. Rule 84.13(a) ("[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]").[3]

_____

Zel M. Fischer, Judge

_____

[3] Wife's point relied on before the court of appeals was as follows:
> **The Circuit Court erred in denying Wife any share of Husband's retirement account because it was an abuse of discretion and not supported by substantial evidence to deprive Wife of an equitable share of the marital asset in that the Court erred in finding that Wife had dissipated marital assets by paying marital bills.**

This multifarious point relied on should not have been addressed by the court of appeals because it violates Rule 84.04. Apart from being defective under Rule 84.04, Wife's point relied on in her substitute brief before this Court violates Rule 83.08(b). Rule 83.08(b) provides "[a] party may file a substitute brief in this Court. The substitute brief shall conform with Rule 84.04, shall include all claims the party desires this Court to review [and] ***shall not alter the basis of any claim that was raised in the court of appeals brief***[.]" (Emphasis added).

Wife's point relied on before the court of appeals alleged the circuit court abused its discretion and that its judgment was not supported by substantial evidence. It did not allege the circuit court misapplied the law in rendering its decision, which is the sole basis of the dissenting opinion. By relying on the unpreserved claim as the basis of its analysis, the dissenting opinion wrongfully equates a substantial evidence claim and/or an abuse of discretion claim with a misapplication of the law claim. These are distinct claims that must be raised in separate points relied on. *See supra slip op.* at 2 (Fischer, J., concurring).

In addition, this Court previously has rejected the dissenting opinion's suggestion that an appellate court may consult the argument section of an appellant's brief to decipher what issues were or were not raised in the point relied on. *See Storey*, 175 S.W.3d at 126 (quoting *State v. Dodd*, 10 S.W.3d 546, 556 (Mo. App. 1999) ("A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review."). In my view, the dissenting opinion has necessarily taken an advocacy position by choosing to review a misapplication of the law claim that was not properly presented to this Court or the court of appeals.

4



# SUPREME COURT OF MISSOURI
## en banc

CHRISTINE ANN LOLLAR,      )
                                      )
                 Appellant,      )
                                      )
v.                                  )      No. SC97984
                                      )
RICHARD DWAIN LOLLAR,      )
                                      )
               Respondent.   )

## DISSENTING OPINION

I respectfully dissent. The principal opinion's analysis and conclusion that the judgment should be affirmed depend on a misapplication of this Court's standard for prejudicial error. It holds, contrary to precedent, that Christine Lollar ("Wife") was not prejudiced by the circuit court's misapplication of the law and consequential abuse of discretion, even though she received less than all relief requested and the error affected the result, because Wife ultimately received an advantageous division of the marital estate.

Wife claims that, in dividing the marital property including Richard Lollar's ("Husband") retirement account, the circuit court abused its discretion when it misapplied the law and held she dissipated marital funds by using Husband's last paychecks and a tax refund to pay marital debt, bills, and utilities. Analysis of this claim shows the circuit court abused its discretion as the result of an erroneous application of law and its error affected

1

the outcome of the case. Accordingly, this Court should reverse the circuit court's division of the marital property and remand the case.

## Factual Background

The parties separated December 9, 2015, after Wife learned Husband was sexually abusing their daughter and contacted law enforcement. Husband was charged with the felonies of statutory rape in the first degree, statutory sodomy in the first degree, and child molestation in the first degree. Thereafter, Wife filed a petition for dissolution of their marriage.

At trial, Wife was represented, Husband appeared *pro se*, and a guardian ad litem represented the interests of their daughter. Wife was the only witness. The circuit court took judicial notice of the records of Husband's criminal case, the adult protection and child protection actions filed by Wife, and the juvenile proceeding regarding the parties' daughter. The circuit court also took judicial notice of the dissolution case file, which included Husband's verified memorandum and statement of property, Wife's verified amended statement of property, and a stipulation of the parties.

While Husband had not been convicted at the time of trial,[1] for purposes of adjudicating child custody and visitation, the judgment incorporated the findings in Wife's adult protection and child protection actions and the juvenile case involving the parties'

---

[1] While this case was pending on appeal, Husband pleaded guilty to statutory sodomy in the first degree and statutory rape in the first degree and was sentenced to ten and eight years in prison, respectively. The sentences were ordered to be served consecutively. The charge of felony child molestation in the first degree was *nolle prossed*.

2

daughter. Although not articulated in the dissolution judgment, the findings in those cases were that Husband had sexual intercourse and deviate sexual intercourse with the parties' daughter.[2] The findings in the other cases were referenced four times and were the basis of the circuit court's rulings that "the child has difficulty in her interactions and interrelationships with Husband," "frequent and meaningful contact between the child and Husband would be detrimental to the child's welfare," and that Wife should be awarded sole physical and legal custody with no visitation awarded to Husband.

The only liquid asset to be divided between the parties was Husband's 401(k) account. Both Husband's and Wife's property statements list the value of Husband's 401(k) account as $2,000 or less. At trial, Wife testified that the value of the 401(k) account was less than $5,000, the value found by the circuit court. Wife's proposed property division requested that 100 percent of the 401(k) account be awarded to her, but Husband asked the court to divide the account evenly between them.

Wife also testified at trial that she has a net income of $1,833 per month from her employment as an administrative assistant and expenses of $2,341. In response to cross-examination by Husband, Wife testified she used his last paychecks to pay monthly maintenance, bills Husband had not paid at the time he was incarcerated, and personal property taxes on both cars. She explained the monthly "maintenance" she paid was

---

[2] The commissioner who presided over the dissolution proceedings and made findings and recommendations that were adopted by a circuit judge was the same commissioner who presided over the juvenile proceeding and made findings and recommendations that were adopted by a different circuit judge in that case.

3

utilities and household expenses. She further testified she used the refund from her tax returns[3] to pay debt.

In its judgment, the circuit court found Wife dissipated marital funds by using Husband's last three paychecks in the amount of $4,836 and tax refunds to pay off her credit cards, bills, and utilities. It then expressly relied on that finding to award Husband the entire 401(k) account. The circuit court stated:

> In arriving at the division of marital property, . . . the Court has not intended to set off the marital property into approximately equal shares, considering the nature of the assets of the parties, and Wife [sic] dissipation of martial [sic] assets as she testified she used Husband's last paychecks and tax returns [sic] to pay off her credit card debt and bills and utilities. Wife also testified she discarded Husband's personal property due to the fact she had to vacate the residence as requested by the landlord, and testified that some of the items were Husband's separate property.

The circuit court referenced the fact Wife used Husband's last three paychecks and tax refunds seven additional times in the judgment and, at one point, this fact was recited in three consecutive paragraphs. The circuit court also stated, generally, that it had considered the conduct of the parties during the marriage, but there was no express reference to Husband's sexual crimes against the child in the division of property portion of the judgment.

**Standard of Review**

A circuit court "has discretion in dividing marital property, unless the division violates *Murphy v. Carron*, or is so one-sided as to be an abuse of discretion." *In re*

---

[3] Wife filed income tax returns in 2015 and 2016 under a married, filing separately, status. She testified she received refunds and used them to pay debts. There is no evidence in the record as to the amount of her tax refunds.

4

*Marriage of Woodson*, 92 S.W.3d 780, 785 (Mo. banc 2003). A circuit court's judgment should be reversed if there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law, *Murphy v. Carron*, 536 S.W.2d at 32, and the error affects the result or outcome of the case, *Lozano v. BNSF Ry. Co.*, 421 S.W.3d 448, 452 (Mo. banc 2014).

## Analysis[4]

---

[4] The concurring opinion would have this appeal dismissed for failure to comply with the briefing requirements in Rule 84.04. While the concurring opinion cites cases noting the Court's rules for appellate briefs, the cited cases follow this Court's longstanding policy to, "when possible, . . . decide a case on its merits rather than on technical deficiencies in the brief." *Mo. Bankers Ass'n, Inc. v. St. Louis Cty.*, 448 S.W.3d 267, 271 n.5 (Mo. banc 2014); *see also Macke v. Patton*, 591 S.W.3d 865, 869-70 (Mo. banc 2019); *Bowers v. Bowers*, 543 S.W.3d 608, 615 n.9 (Mo. banc 2018); *Alpert v. State*, 543 S.W.3d 589, 592 n.4 (Mo. banc 2018); *Peters v. Johns*, 489 S.W.3d 262, 268 n.8 (Mo. banc 2016); *Storey v. State*, 175 S.W.3d 116, 126-58 (Mo. banc 2005); *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc1998); *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997); *Thummel v. King*, 570 S.W.2d 679, 688 (Mo. banc 1978). Wife's point relied on is multifarious, but it does not impede review on the merits. It gives sufficient notice of the issues presented on appeal. The principal opinion follows this Court's policy in deciding the case on its merits.

The concurring opinion further asserts Wife did not raise the claim the circuit court misapplied the law in her brief in the court of appeals; rather, she raised only the errors that the circuit court abused its discretion and its judgment was not supported by substantial evidence. The concurring opinion is correct that Rule 83.08(b) does not permit a party to alter, in its substitute brief, the basis of any claim raised in its brief filed in the court of appeals. An abuse of discretion necessarily occurs, however, when the circuit court misapplies the law. *See Curtis v. Mo. Democratic Party*, 548 S.W.3d 909, 914 (Mo. banc 2018); *U.S. Dep't of Veterans Affs. v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013); *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007); *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712, 715, 720 (Mo. banc 2007); *S.M.S. v. J.B.S.*, 588 S.W.3d 473, 493 (Mo. App. 2019); *Elsea v. U.S. Eng'g Co.*, 463 S.W.3d 409, 416 (Mo. App. 2015); *Fritzche v. E. Tex. Motor Freight Lines*, 405 S.W.2d 541, 545 (Mo. App. 1966); *see also Koon v. United States*, 518 U.S. 81, 100 (1996); *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019).

The circuit court found Wife dissipated marital assets by using "Husband's last paychecks and tax returns [sic] to pay off her credit card debt and bills and utilities." A spouse dissipates marital assets when the spouse squanders or conceals marital property in anticipation of divorce. *Loomis v. Loomis*, 158 S.W.3d 787, 791 (Mo. App. 2005). If a spouse dissipates marital property, the circuit court may hold the dissipating spouse liable for the value of the marital assets that no longer exist, *Kester v. Kester*, 108 S.W.3d 213, 222 (Mo. App. 2003), or consider the dissipation of funds as a factor in dividing the remaining marital property, *Murray v. Murray*, 853 S.W.2d 417, 421 (Mo. App. 1993).

A spouse does not squander marital property, however, by merely expending marital funds after separation and before dissolution. Marital funds used to pay justified or legitimate expenditures are not squandered. *See Neal v. Neal*, 281 S.W.3d 330, 342 (Mo. App. 2009); *Kester*, 108 S.W.3d at 222. In particular, marital funds used to pay marital debts or ordinary living expenses are not considered dissipated. *In re Marriage of Rogers*, 300 S.W.3d 567, 578 (Mo. App. 2009); *accord Dowell v. Dowell*, 203 S.W.3d 271, 280 (Mo. App. 2006). Therefore, whether Wife's credit card debt was marital or nonmarital

---

In her point relied on in the court of appeals, Wife asserted the circuit court abused its discretion in denying her a portion of Husband's 401(k) account "in that the Court erred in finding that Wife had dissipated marital assets by paying marital bills." In support of this claim of error, Wife stated in the argument portion of her brief, "The property division order granting Husband 100 percent of the 401(k) account was not supported by the substantial evidence and was erroneous as a matter of law. The trial court entered the disproportionate order on the ground that Wife had committed marital misconduct by dissipating the marital assets." Accordingly, Wife's claim in the court of appeals is substantially the same as the claim raised here.

determines whether she dissipated marital funds when she used Husband's last paychecks and tax refunds to pay off her credit cards.

At trial, the spouse asserting a marital asset was squandered bears the burden of producing evidence to demonstrate the asset was squandered. *Rallo v. Rallo*, 477 S.W.3d 29, 39 (Mo. App. 2015). From the record, however, Husband never asserted Wife dissipated marital funds, and he did not present evidence of dissipation or offer any evidence refuting Wife's testimony that she used his paychecks and tax refunds to pay living expenses and personal property taxes owed on their vehicles.[5] In fact, in a memorandum filed with the circuit court, he affirmatively stated he had no information regarding the disposition of his paychecks. Because Husband made no effort to claim Wife dissipated marital funds and presented no evidence to that effect, it appears the circuit court raised the issue *sua sponte*.

The evidence was Wife used Husband's last paychecks to pay the parties' personal property taxes,[6] bills Husband left behind when he went to jail, utility bills, and household expenses. There was also evidence that she used tax refunds from her returns to pay debt. The only evidence of debt Wife paid was a Target credit card of $400 and Walmart card of $500 that were both in her name, monthly payments on the parties' loan on their Chevy Cruze, and the parties' personal property taxes.

---

[5] Of course, the circuit court is entitled to believe all, part, or none of Wife's testimony, *Q.A.H. v. M.H.*, 426 S.W.3d 7, 13 (Mo. banc 2014), but without Wife's testimony, there is no evidence of the disposition of Husband's paychecks or the income tax refund.

[6] Evidence was adduced that the parties owed $600 in personal property taxes on the marital vehicles.

7

Throughout the judgment, the circuit court characterized the Wife's credit card debt as marital debt. The judgment notes Wife identified "marital debt of $18,000 to GM Finance for the Chevy Cruise [sic], Walmart credit card, and Target credit card" and Husband listed the Target credit card as marital debt in his statement of property. The judgment then purports to divide the parties' "marital property" and therein awards the Target and Walmart credit card debt to Wife. The judgment shows the circuit court found Wife's credit card debt to be marital debt. Therefore, the circuit court abused its discretion when it misapplied the law in holding Wife dissipated marital funds when she spent Husband's last paychecks and tax refunds to pay off her credit cards and living expenses. "A trial court can abuse its discretion through the inaccurate resolution of factual issues *or through the application of incorrect legal principles*." *State v. Taylor*, 298 S.W.3d 482, 492 (Mo. banc 2009) (emphasis added); *see supra* note 4.

The question of error, however, does not fully determine whether reversal is mandated. *Lozano*, 421 S.W.3d at 452. A party is entitled to relief from circuit court error only when the error materially affects the merits of the action. Rule 84.13(b). An error materially affects the merits of the action if it affects the result or outcome of the case. *See Lozano*, 421 S.W.3d at 452.

The circuit court's error, here, affected the outcome of the case. The significance of the dissipation finding is evident from the judgment expressly stating the circuit court was not dividing the marital property into approximately equal shares, considering the nature of the assets of the parties, Wife's dissipation of marital assets, and the fact Wife discarded Husband's personal property. The importance of the erroneous dissipation

8

finding to the circuit court is further obvious from the circuit court's reference to it eight times in the judgment.[7] Because the court's error – a holding that Wife dissipated marital funds when she paid marital debts – materially affected the circuit court's property division, Wife is entitled to a reversal of the division of marital property and remand so that a new division of marital property can be made and the circuit court can exercise its discretion free from the incorrect application of law.

---

[7] The judgment stated:

> 21. . . . . Wife testified that she used Husband's last paychecks and income tax returns [sic] to pay off her debt and utilities.

> 25. . . . . Wife testified that she used Husband's last paychecks from his employer and the income tax return [sic] to pay off her debt and utilities.

> 28. . . . . Wife testified that she used Husband's last three paychecks and the tax return [sic] to pay her credit cards off and to pay bills and utilities. . . .

> 29. . . . . Wife testified that she used Husband's last three paychecks and the tax return [sic] to pay her credit cards off and to pay bills and utilities. . . .

> 30. . . . . Credible evidence was adduced that Wife allocated Husband's last three paychecks and tax returns [sic]. Wife testified she used the money to pay off Wife's debt and the maintenance and utilities of the residence.

> 37. . . . . Wife testified that she utilized Husband's last three paychecks and the tax returns [sic] to pay off her debt.

> 42. Wife testified she utilized Husband's last paychecks and income taxes to pay off all debt.

> 47. . . . In arriving at the division of marital property, . . . the court has not intended to set off the marital property into approximately equal shares, considering . . . Wife [sic] dissipation of martial [sic] assets as she testified she used Husband's last paychecks and tax returns [sic] to pay off her credit card debt and bills and utilities.

9

The principal opinion reaches the opposite result because it concludes the circuit court's error did not prejudice Wife. Rather, the principal opinion finds any misapplication of the law by the circuit court in the property division was irrelevant because the property division disproportionately favored Wife, citing as inferential support a single decision from the court of appeals, *Knapp v. Knapp*, 874 S.W.2d 520 (Mo. App. 1994).

The principal opinion ignores the fact the circuit court's error materially affected the merits of the action and Wife received less than all relief she requested. In this way, the principal opinion rules contrary to this Court's prior decisions holding circuit court error prejudiced the appellant even when the error had no effect on the party the judgment ultimately favored. *See Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 420 (Mo. banc 2019) (reversing a judgment in favor of the appellant when the circuit court's erroneous application of law affected the amount awarded as damages); *Deck v. Teasley*, 322 S.W.3d 536, 542 (Mo. banc 2010) (finding circuit court error prejudiced the plaintiff although the jury returned a verdict for the plaintiff and awarded her damages). These cases demonstrate error is prejudicial if a result more favorable to the appellant would have been reached without the error.

The circuit court expressly based its distribution of property and debts on an erroneous legal conclusion that Wife squandered marital funds when she used Husband's paychecks and an income tax refund to pay off her credit cards and living expenses. It follows that the outcome was affected by the abuse of discretion resulting from the court's

10

erroneous application of law; therefore, the judgment should be reversed and the case remanded. [8]

_____

PATRICIA BRECKENRIDGE, JUDGE

_____

[8] If the property division in the judgment is reversed and remanded, conflicting factual determinations relevant to the property division should be reexamined on remand. For example, the circuit court found in paragraph 24 that there is credible evidence that Wife earns gross wages of $22,000 annually, or $1,833 per month. This conflicts with a finding in paragraph 26 that Wife's total gross monthly income is $2,341. There is no evidence in the record that her income was $2,341.

The judgment also found Wife *testified* she was able to meet her reasonable needs. She did not. Rather, she testified she was not seeking child support or maintenance because husband would not be able to pay because of his likely long-term incarceration for sex crimes against their daughter. Nevertheless, the circuit court found Wife presented no credible evidence that she could not meet her reasonable needs.

The error in the circuit court finding Wife could meet her reasonable needs and those of the daughter without maintenance or child support is further supported by Wife's legal aid counsel statement. It declared the amount of Wife's income still met Legal Service's income guidelines because her earnings were within 125 percent of the poverty rate and she qualified for a certificate of inability to pay costs. The judgment indicates the circuit court believed counsel's statement because the circuit court ordered the guardian ad litem fee be paid by the Permanency Project Grant.

Additionally, when setting aside to the parties their separate property, the judgment relies on Exhibit 7 to denominate the separate, nonmarital property. Exhibit 7, however, does not list separate property. It merely stipulates that certain marital property should be awarded to Wife and other marital property awarded to Husband. It is not evidence from which the court could determine and set aside to the parties their separate property.

Most important is the fact the circuit court did not find there was a debt on the Chevy Cruze vehicle it awarded Wife that was greater than the value of the vehicle although Husband included such debt in all of his evidence before the Court. The circuit court's failure to expressly acknowledge this undisputed debt is the basis for the principal opinion's finding the circuit court did not err in its division of property.